IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01547-MEH

PENNIE LANDON,

     Plaintiff,

v.

WINSTON HOSPITALITY, INC.,
WINSTON HOLDINGS, INC., and
DELTA FIVE SYSTEMS, LLC,

     Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion") (ECF 40).  Plaintiff seeks to amend her Amended Complaint to add "exemplary damages to the items of requested relief" in her Demand for Judgment; renumber some paragraphs; correct references in the claims for relief; and delete typographical errors.  Mot. at 2.  Specifically, she states the request for exemplary damages was omitted from the Amended Complaint out of inadvertence.  *Id.*  Defendants oppose Plaintiff's Motion on the basis that this inadvertence is not good cause to amend the Scheduling Order to extend the deadline for amendment of pleadings.  Resp. at 4–5.  For the reasons that follow, the Court denies Plaintiff's Motion.

     Rule 15 of the Federal Rules of Civil Procedures states that after the deadline for amending a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Refusing leave to amend is generally only justified upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Rule 16 dictates that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). "To demonstrate good cause pursuant to Rule 16, the moving party must . . . 'provide an adequate explanation for any delay.'" *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, LLC, 300 F.R.D. 678, 681 (D. Colo. 2014) (quoting *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009)).

As an initial matter, Plaintiff questions whether a good cause showing is necessary. Mot. at 2. Plaintiff cites to *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) for the proposition that the Tenth Circuit has not yet decided this issue:

> We do not decide whether a party seeking to amend its pleadings after the scheduling order deadline must show "good cause" for the amendment under Rule 16(b) in additional to the Rule 15(a) requirements. Neither party raises the question, and given the rough similarity between the "good cause" standard of Rule 16(b) and our "undue delay" analysis under Rule 15, it would not affect the outcome of this case.

*Id.* at 1205 n.4.

Despite this, the Tenth Circuit has more recently adopted the two-step analysis in applying Rules 16(b) and 15(a). *Birch*, 812 F.3d at 1247; *Gorsuch*, 771 F.3d at 1240. Moreover, this approach comports with the long standing "practice in this District to utilize the two-step

analysis[,]" *Carriker v. City and Cnty. of Denver, Colo.*, No. 12-cv-02365-WJM-KLM, 2013 WL 2147542, at *1 n.1 (D. Colo. May 16, 2013) (internal quotation marks and citation omitted), and aligns with the practice of federal courts around the country. *E.g.*, *Ewald v. Royal Norwegian Embassy*, No. 11-cv-02116 (SRN/SER), 2012 WL 12895051, at *3 (D. Minn. Nov. 21, 2012) ("Once a court issues a pretrial scheduling order and the established deadline for amending pleadings passes, however, 'the party must show cause [under rule 16(b)] to modify the schedule.'") (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)); *Rogers v. Hartford Life and Acc. Ins. Co.*, No. 12-0019-WS-B, 2012 WL 2395194, at *1 (S.D. Ala. June 22, 2012) ("Plaintiff seeks to amend her complaint after the expiration of [the amending] deadline; therefore, she is effectively asking to amend the Scheduling Order."); *Monroe v. City of Hoboken*, No. 11-2556 (JLL), 2012 WL 1191177, at *5 (D.N.J. Apr. 10, 2012) ("[A]lthough Rule 15, governing pleading amendments, contains a more lenient standard than good cause, 'the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.'") (quoting *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)).

Here, the Court will apply the two-step analysis and determine whether Plaintiff has demonstrated good cause to amend the Scheduling Order. It is undisputed that a deadline for amendment of pleadings (October 2, 2020) was included in the Scheduling Order. ECF 27 at 8. It is also undisputed that Plaintiff is seeking leave to amend three months after that deadline passed. Hence, Plaintiff is seeking a modification of the Scheduling Order. To not render Rule 16(b)(4) a meaningless provision, the Court must inquire as to good cause.

The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).  To show good cause, Plaintiffs "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter*, 451 F.3d at 1205 n.4.  "In practice, [the Rule 16(b)(4)] standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Gorsuch*, 771 F.3d at 1240.  Notably, rigid adherence to the Scheduling Order is not advisable.  *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

In this case, Plaintiff filed the present Motion to add a request for exemplary damages that "was omitted from [Plaintiff's] Demand for Judgment in her Complaint and Amended Complaint only out of inadvertence."  Mot. at 2.  While Plaintiff did not address how inadvertence could constitute good cause in her Motion, she subsequently addressed the issue in her reply.  Plaintiff argues that inadvertence can equate to good cause, citing an opinion by this Court in another case (19-cv-00981-CMA-MEH, ECF 292) that cites *Sil-Flo*, 917 F.2d at 1519 for the proposition that "oversight, inadvertence or excusable neglect" can constitute good cause.  However, the court in *Sil-Flo* faced a request for amendment of counterclaims.  At that time, Fed. R. Civ. P. 13(f) (now abrogated) stated that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."  Unlike now, a rule specifically dictated that inadvertence would suffice to allow amendment of pleadings in *Sil-Flo*.  There is no such clear instruction here.

In reviewing the caselaw, the Court finds some division among the courts as to inadvertence and good cause.  On the one hand, the notion that inadvertence does not establish good cause seems to be widely adopted.  *E.g,*, *Wiese v. Centex Homes*, No. 08-cv-00377-ZLW-

MEH, 2009 WL 890957, at *1 (D. Colo. Mar. 31, 2009) ("[I]nadvertent error . . . is not good cause.") (quotation omitted); *Seely v. Archuleta*, No. 08-cv-02293-LTB-KMT, 2011 WL 3625073, at *14 (D. Colo. Aug. 17, 2011) ("Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least* as much as would be required to show excusable neglect, *as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice*.") (quotation omitted); *Anderson v. City of Dallas, Tex.*, 210 F.R.D. 579, 581 (N.D. Tex. 2002) ("Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish 'good cause.'"); *Banks v. City of Philadelphia*, 309 F.R.D. 287, 290 (E.D. Pa. 2015) ("'[C]arelessness, or attorney error, . . . is insufficient to constitute "good cause" under Rule 16(b).'") (citation omitted); *Cincinnati Ins. Co. v. CMH Manufacturing, Inc.*, No. 4:15-cv-154, 2017 WL 10311419, at *8 (D.N.D. May 31, 2017) ("Inadvertence, neglect, and mistake are not recognized as good cause for filing an untimely motion."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence."); *Bowen v. Time Warner Entertainment*, 5:10-cv-1301, 2011 WL 251108, at *4 (N.D. Ohio Jan. 25, 2011) ("Plaintiff's failure to timely add the FLSA retaliation claims is, by his own admission, due to inadvertence, i.e. an oversight, which is not compatible with a finding of diligence or good cause to amend the Court's scheduling order.").

On the other hand, a small number of courts have found inadvertence to constitute good cause when other factors are present. *E.g.*, *Monroe*, 2012 WL 1191177, at *6 ("Courts have found good cause where there is simple inadvertence, no harm to defendants and no delay in the proceedings."). Moreover, some courts have avoided a bright line rule in recognizing that good cause does not constitute good cause by excusing the inadvertence or negligence on other grounds. *E.g.*, *Al-Sabah v. Agbodjogbe*, No. ELH-17-730, 2017 WL 4467495, at *3 (D. Md. Oct. 5, 2017)

(recognizing that inadvertence "does not amount to good cause justifying a modification of the scheduling order" but granting leave to do so because there was "no hint of bad faith"); *Lopez v. Burris Logistic Co.*, No. 3:12-cv-1039 (CSH), 2013 WL 5962100, at *3 (D. Conn. Nov. 6, 2013) (noting that negligence in general does not constitute good cause to extend case deadlines but granting leave to do so in "the interests of justice").

The Court is also, of course, mindful of the Tenth Circuit's analysis in *Minter*.  As described earlier, the court noted the "rough similarity" between good cause and undue delay.  In doing so, the court emphasized that the undue delay analysis "focuses primarily on the reasons for the delay." *Minter*, 451 F.3d at 1206.  That is, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"  *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).  "For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

In light of this caselaw, the Court considers the particular circumstances of this case. Plaintiff's sought amendments, namely to add a request for exemplary damages and to correct typographical errors, will not substantively alter the direction or scope of this matter.  Plaintiff's allegations to support a claim for exemplary damages are already present in the Amended Complaint.  ECF 33.  The Court can discern no (and Defendants do not assert any) prejudice to Defendants in Plaintiff's requested amendment.  Nor is there any "hint of bad faith" in Plaintiff's request. *Al-Sabah*, 2017 WL 4467495, at *3.  However, the Court notes that Plaintiff was fully aware of the anticipated request for exemplary damages prior to amending her Complaint in October.  Her "inadvertent" omission of the request has gone unnoticed and uncorrected for over

three months.  Although the Court just extended the discovery deadlines by a month, Plaintiff's request also comes less than two months before the prior discovery cut-off date.

Ultimately, the Court must consider two competing interests.  One interest is the consistent application of the good cause requirement in Rule 16(b).  The second interest is the disfavor of rigid adherence to a scheduling order.  *Sil-Flo, Inc.*, 917 F.2d at 1519.  After all, "the rules are meant to ensure fair and efficient litigation, not to 'trap' attorneys or deprive plaintiffs of their day in court."  *Monroe*, 2012 WL 1191177, at *7.  If the Court strictly enforces the good cause requirement of Rule 16(b), Plaintiff loses the opportunity to receive exemplary damages through the inadvertence of her counsel.  If the Court permits Plaintiff to file a Second Amended Complaint, it condemns the good cause requirement to triviality.

Considering the totality of the circumstances, the Court will follow the weight of authority in holding that inadvertence does not constitute good cause.  Since that is Plaintiff's sole explanation for why amendment of the pleadings is sought after the deadline to do so, Plaintiff has not demonstrated good cause under Rule 16(b)(4).  This conclusion is supported by the fact that Plaintiff knew to include such a request in the Amended Complaint and omitted it.  That is akin to knowing facts for a period of time that should have been included in the original amendment.  *Fed. Ins. Co.*, 823 F.2d at 387.  In other words, Plaintiff's reasoning is not an "adequate explanation for the delay."  *Minter*, 451 F.3d at 1206 (quotation omitted).

The Court understands that mere inadvertence is near inevitable in the practice of law and in life generally.  *See Frontier Leasing Corp. v. BB&T Leasing Corp.*, 4:08-cv-00077-RAW, 2009 WL 10670915, at *1 (S.D. Iowa Oct. 29, 2009) ("The Court can understand a deadline can be missed through inadvertence, all of us have been there.").  But the Court must apply the Federal Rules of Civil Procedure, and they mandate that a scheduling order may only be modified for good

cause.  To permit inadvertence to satisfy a finding of good cause would render the good cause standard to be nothing more than empty words on page.  Recognizing this, the "authorities are legion for the proposition that attorney inadvertence, carelessness or oversight of a published deadline is insufficient, as a matter of law, to constitute 'good cause' under Rule 16(b)(4)." *Rogers*, 2012 WL 2395194, at *2.  Accordingly, Plaintiff's admitted inadvertence does not constitute good cause to amend in this case.  Plaintiff's Motion [filed January 11, 2021; ECF 40] is **denied**.  Although this may preclude one potential form of relief with the proper facts, the Court notes that Plaintiff also pleaded compensatory damages for the discrimination claim and statutory damages for the wage claim, both of which are designed to compensate Plaintiff beyond pecuniary loss.

Dated at Denver, Colorado, this 9th day of February, 2021.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge